# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| **NILESH S. PATEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LANIER COUNTY, GEORGIA;** ) | |
| ) | |
| **CHARLES N. "NICK" NORTON,** ) | **CIVIL ACTION NO.** |
| **Sheriff, Lanier County, Georgia, in** ) | _____ |
| **his official, supervisory, and** ) | |
| **individual capacities; and** ) | |
| ) | |
| **JAMES SMITH, Deputy Sheriff,** ) | |
| **Lanier County, Georgia, in his** ) | |
| **official and individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Nilesh S. Patel hereby files his Complaint pursuant to 42 U.S.C. § 1983 to enforce his rights under the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to Georgia law against Defendants for their unconstitutional conduct towards him on October 4, 2016.

1

## PARTIES

1.      Plaintiff Nilesh S. Patel is a natural person who resides in Lowndes County, Georgia.

2.      Defendant Lanier County, Georgia ("Lanier County"), is a political subdivision of the State of Georgia.  Lanier County may be served through the Chairman of the Lanier County Board of Commissioners, Alex Lee, at 56 W. Main Street, Suite 9, Lakeland, Georgia.

3.      Defendant Charles N. "Nick" Norton is the Sheriff of Lanier County. Defendant Norton acted at all times relevant to this lawsuit under color of state law.  Defendant Norton is subject to the jurisdiction of this Court and may be served with process at his place of employment, the Lanier County Sheriff's Office, located at 63 W. Church Street, Lakeland, Georgia.  He is sued in his individual, supervisory, and official capacities.

4.      Defendant James Smith is a deputy sheriff with the Lanier County Sheriff's Office.  Defendant Smith acted at all times relevant to this lawsuit under color of state law.  Defendant Smith is subject to the jurisdiction of this Court and may be served with process at his place of employment, the Lanier County Sheriff's Office, located at 63 W. Church Street, Lakeland, Georgia.  He is sued in his individual and official capacities.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6.      Venue is proper because all Defendants reside within the Middle District of Georgia, Valdosta Division.  *See* 28 U.S.C. § 1391(b)(1).

## JURY DEMAND

7.      Pursuant to the Seventh Amendment of the United States Constitution, Patel requests a jury trial on all issues and claims in this Complaint.

## FACTS

8.      On August 29, 2016, Patel was arrested on charges of theft by taking and criminal damage to property based on allegations he took or damaged property forfeited to the State of Georgia located at the site of Patel's former business, Live Oak Liquors, in Lakeland, Georgia.  Upon his arrest, Patel was detained in the Cook County, Georgia, jail, where he remained for over five weeks.

9.      On October 4, 2016, Patel was transported from the Cook County Jail to the Lanier County courthouse for a bond hearing.  Patel was granted bond at the hearing.

10.      After the bond hearing, Defendant Smith, on orders from or with the consent or acquiescence of Defendant Norton, directed Patel and other inmates and

detainees into a Lanier County Sheriff's Office transport van and drove the van to the Berrien County Jail, where some passengers were released, and to the Cook County Jail, where some passengers were released, and then to the Lowndes County Jail.

11.    Upon arrival at the Lowndes County Jail, Defendant Smith parked the van inside a closed garage commonly known as a "sally port."  All remaining passengers except Patel were permitted to exit the van.

12.    Defendant Smith turned off the van's engine and the van's air conditioning system, exited the van, and locked Patel alone and unattended in the rear of the van.

13.    The entire time Patel was in the van in the sally port with the van's engine turned off, the windows were up and locked and there was no air conditioning or other ventilation in the van.

14.    The outside air temperature in Valdosta, Georgia, on October 4, 2016, during the time period Patel was locked inside the van in the sally port was in excess of 85 degrees.   The actual temperature inside the locked van was substantially higher.

15.    Due to the excessive and rising heat in the van, Patel began sweating profusely and having difficulty breathing.   He banged on the van's doors and

4

yelled to Defendant Smith and to nearby deputies for help, but they ignored him. Patel passed out.

16.    Approximately 45 minutes after he left the van, Deputy Smith returned and found Patel passed out.   Defendant Smith had to rouse Patel to consciousness.

17.    Upon regaining consciousness, Patel asked Defendant Smith for water.   Defendant Smith refused Patel's requests for water.

18.    Standard law enforcement procedure required Defendant Smith, upon finding Patel passed out in the van, to summon paramedics or other emergency medical personnel to render aid to Patel before leaving the Lowndes County Jail. Defendant Smith failed to do so.

19.    Disregarding Patel's obvious need for immediate medical care and water, Defendant Smith started the van and transported Patel and another passenger to the Lanier County Sheriff's Office.   Patel passed out again during the drive to Lanier County.

20.    When the van arrived at the Lanier County Sheriff's Office, Defendant Smith again had to rouse Patel, who had fallen to the floor of the van, to consciousness.

21.    After regaining consciousness, Patel walked into the sheriff's office and asked Defendant Smith to call for an ambulance because he was having difficulty breathing and felt he needed to go to the hospital.  Defendant Smith refused to call for an ambulance until Patel signed some papers.

22.    An ambulance eventually arrived at the Lanier County Sheriff's Office and transported Patel to South Georgia Medical Center in Valdosta, where Patel was diagnosed and treated for heat exhaustion, heat syncope, dehydration, and panic attack.

23.    Defendant Smith's use of excessive force towards Patel, and Defendant Smith's failure or refusal to obtain medical care for Patel necessitated by his use of excessive force, were done pursuant to a persistent and widespread informal practice, policy, or custom of the Lanier County Sheriff's Office and its deputy sheriffs, ratified by Defendants Lanier County and Norton, to disregard and be deliberately indifferent to policies and procedures relating to the proper transport and care of inmates and detainees.

24.    Such policies and procedures include the requirements that (1) inmates and detainees be transported in a manner that safeguards their physical well-being and safety, and (2) upon becoming aware that an inmate or detainee

being transported has an injury or illness, the transporting deputy sheriff shall obtain prompt medical attention for such inmate or detainee.

25.    Defendant Norton and his deputy sheriffs, including Defendant Smith, receive no retribution or punishment for violating such policies and procedures.

26.    Defendants' and their deputy sheriffs' informal practice, policy, or custom of disregarding such policies and procedures was the moving force behind Defendants' violations of Patel's constitutional rights.

27.    A history of widespread abuse of individuals' constitutional rights by deputy sheriffs of the Lanier County Sheriff's Office put Defendants Norton and Lanier County on notice of the need to correct such abuses, but they have failed to do so.  Defendants Lanier County's and Norton's persistent failure to discipline subordinates who violate civil rights demonstrates their unlawful policy of ratification of unconstitutional conduct.

28.    Defendants' violations of Patel's constitutional rights is the result of Lanier County's and Defendant Norton's practice, policy, or custom of failing to train or discipline deputy sheriffs, including Defendant Smith, amounting to their deliberate indifference to the rights of persons with whom the deputy sheriffs come into contact.

29.    All of Defendants' actions as described herein were wrongful, intentional, and taken with malice and in bad faith, thereby disqualifying them from asserting any otherwise applicable privileges or immunities.

30.    On April 3, 2017, Patel's counsel sent an Ante Litem Notice to Defendants and to the Risk Management Services Division of the Georgia Department of Administrative Services, informing them of Patel's claims set forth in this Complaint.  A true and correct copy of the Ante Litem Notice is attached hereto as **Exhibit A**.

## <u>COUNT I</u>

### **CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION – EXCESSIVE FORCE**

31.    Patel incorporates by reference the allegations of paragraphs 1 through 30 above as though fully set forth herein.

32.    Defendant Smith, upon orders from or with the consent or acquiescence of Defendants Lanier County and Norton, maliciously for the purpose of causing harm, used excessive force on Patel by confining him in a Lanier County Sheriff's Office transport van for an excessive and unreasonable period of time with no access to ventilation and unnecessarily exposing him to excessive heat, causing him to suffer dehydration, heat exhaustion, heat syncope,

and panic attack, thereby violating Patel's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution right to be free from the use of excessive force by government officials acting under color of state law.

33.     As a proximate result of Defendants' actions and the policies, procedures, and customs of Defendant Lanier County and the Lanier County Sheriff's Office, Patel suffered substantial and continuing injuries for which he is entitled to recover damages from Defendants.

## COUNT II

### CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION – FAILURE TO PROVIDE MEDICAL CARE

34.     Patel incorporates by reference the allegations of paragraphs 1 through 33 above as though fully set forth herein.

35.     As a direct result of Defendant Smith's actions, done upon orders from or with the consent or acquiescence of Defendants Lanier County and Norton, in confining Patel in an excessively hot van for an excessive period of time, Patel developed and suffered heat exhaustion, heat syncope, dehydration, and panic attack, which are serious medical conditions that required prompt medical attention.

36.    Defendant Smith first became aware of Patel's serious need for medical care when he returned to the van in the sally port at the Lowndes County Jail and found Patel passed out.  Patel's serious need for medical care was so obvious that even a lay person would easily recognize the necessity for medical attention and was a condition to which Defendants were deliberately indifferent and ignored, thereby posing a substantial risk of serious harm to Patel.

37.    Defendant Smith, upon orders from or with the consent or acquiescence of Defendants Lanier County and Norton, was deliberately indifferent to Patel's serious medical needs by failing to obtain prompt medical attention for Patel and by delaying necessary medical treatment for nonmedical reasons, thereby violating Patel's clearly established right to due process under the Fourteenth Amendment of the United States Constitution, specifically including the right to medical care necessitated by Defendants' use of excessive force upon Patel.

38.    As a proximate result of Defendants' actions and the policies, procedures, and customs of Defendant Lanier County and the Lanier County Sheriff's Office, Patel suffered substantial and continuing injuries for which he is entitled to recover damages from Defendants.

## COUNT III

## FAILURE TO INTERCEDE

39.    Patel incorporates by reference the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40.    Defendant Norton had a realistic opportunity to intervene on Patel's behalf to prevent the violation of his constitutional rights to be free from the use of excessive force by Defendant Smith and to receive medical care necessitated by such excessive use of force, but due to his intentional conduct and/or reckless or deliberate indifference, Defendant Norton declined or refused to do so.

41.    As a direct and proximate result of Defendant Norton's failure to intervene and prevent the violations of Patel's constitutional rights, Patel has suffered substantial and continuing injuries for which he is entitled to recover damages.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.    Patel incorporates by reference the allegations of paragraphs 1 through 41 above as though fully set forth herein.

43.    Defendants' conduct towards Patel was extreme and outrageous.

44.    Defendants' conduct towards Patel was specifically intended to and did in fact cause Patel great physical discomfort, suffering, and emotional distress, as evidenced by his diagnoses by physicians at South Georgia Medical Center of heat exhaustion, heat syncope, dehydration, and panic attack.

45.    Patel has suffered substantial and continuing injuries as a direct and proximate result of Defendants' actions for which he is entitled to recover damages from Defendants.

## COUNT V

## NEGLIGENCE

46.    Patel incorporates by reference the allegations of paragraphs 1 through 45 above as though fully set forth herein.

47.    Defendants owed Patel the duties not to use excessive force against him and to obtain prompt medical care for him necessitated by their use of excessive force.

48.    Defendants breached the duties they owed to Patel by using excessive force against him and by failing to obtain prompt medical care for Patel necessitated by their use of excessive force.

49.    Patel has suffered substantial and continuing injuries and has incurred expenses for medical attention and hospitalization as a direct and proximate result

of Defendants' breaches of their duties owed to Patel for which he is entitled to recover damages from Defendants.

## COUNT VI

### ATTORNEYS' FEES UNDER 42 U.S.C. § 1988

50.    Patel incorporates by reference the allegations of paragraphs 1 through 49 above as though fully set forth herein.

51.    Patel is entitled to recover from Defendants his attorneys' fees and expenses incurred as a result of Defendants' violations of his constitutional rights, pursuant to 42 U.S.C. § 1988.

## COUNT VII

### PUNITIVE DAMAGES

52.    Patel incorporates by reference the allegations of paragraphs 1 through 51 above as though fully set forth herein.

53.    Defendants' actions were intentional and malicious and taken with the specific intent to cause Patel harm.

54.    Defendants should be punished to deter them from engaging in similar misconduct in the future.

55.    Patel is entitled to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Patel respectfully prays this Court issue the following relief:

a.    Patel be awarded all compensatory, general, exemplary, and special

damages permitted by law;

b.    Patel be awarded his expenses of litigation, including reasonable

attorney's fees;

c.    Punitive damages be awarded against Defendants in an amount to be

determined by the enlightened conscience of a jury; and

d.    Any additional relief this Court deems just and proper.

Respectfully submitted this 11th day of May, 2017.


/s/ Christopher S. Anulewicz
Michael J. Bowers
Georgia Bar No. 071650
E-mail: mbowers@balch.com
Christopher S. Anulewicz
Georgia Bar No. 020914
E-mail: canulewicz@balch.com
**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

*Attorneys for Plaintiff*

14